IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ENERGY INVESTMENTS, INC., a Colorado corporation, and PINE PETROLEUM, INC., a North Dakota corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> GREEHEY & COMPANY, LTD., a Texas limited partnership, <br><br> Defendant. | CV 14-13-GF-JTJ <br><br> **ORDER** |

Plaintiffs Energy Investments, Inc. and Pine Petroleum, Inc. filed a motion for entry of final judgment in their favor on the portion of the claims already adjudicated, specifically for $2,998,515.35. Plaintiffs further request the final judgment include an award of pre- and post-judgment interest. (Doc. 73.) Defendant Greehey & Company, LTD opposes the motion, arguing "[t]here would then be two separate appeals of parts of the same breach of contract claim, creating the possibility of serial, piecemeal remands and retrials of portions of the breach of contract claim." Defendant argues the issue of awarding interest will be appropriately resolved once final judgment is entered. (Doc. 77 at 3.)

1

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." When considering a request to enter final judgment under Rule 54(b), a "district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Woods v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtis-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980)). The Court then determines, pursuant to the rule, whether there is any just reason for delay. "It is left to the sound discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Id*. (internal quotation marks omitted). "This discretion is to be exercised in the interest of sound judicial administration," and the district court should take pains to "assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id*. (citations and internal quotation marks omitted). "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Id*. at 879 (citations and internal quotation marks omitted).

Plaintiffs' Complaint contains two claims: (1) a breach of contract claim based on Defendant's failure to pay prospect fees related to the acquisition of certain leases and failure to assign to Plaintiffs overriding royalty interests carved out of the oil and gas leases acquired pursuant to the parties' agreement; and (2) an action for "specific performance of the Agreement in respect of the assignment of the Plaintiffs' [overriding royalty interests] and to recover the costs attributable thereto." (Doc. 1 at 6-7.) Plaintiffs seek general and specific damages, pre- and post-judgment interest, costs and attorney's fees, and an order directing Defendant and it affiliates "to specifically perform their contractual obligations under the Agreement by executing appropriate assignments[,] thereby conveying the Plaintiffs' [overriding royalty interests] to Plaintiffs." *Id*. at 8.

On October 15, 2015, the Court issued an order granting in part and denying in part Plaintiffs' motion for summary judgment. (Doc. 67.) The Court granted summary judgment as to the prospect fees Plaintiffs sought from leases acquired in the Area of Mutual Interest by Defendant or its agents but denied summary judgment as to leases acquired by Plaintiffs or their agents. The Court concluded that the Area of Mutual Interest Agreement was unambiguous. (Doc. 67 at 7.) Defendant has indicated it disagrees with the Court's ruling on this issue and intends to appeal the ruling. (Doc. 77 at 6.)

If the Court grants the motion to certify, there would be two separate appeals of parts of the same breach of contract claim and of the key issue of whether the parties' agreement is ambiguous. This would increase "the chance that [the Court of Appeals] will have to revisit the same facts . . . in a successive appeal." *Wood*, 422 F.3d at 882. Because of the Court's obligation to ensure judicial efficiency, certification is not appropriate.

Accordingly, **IT IS ORDERED** that Plaintiffs' Combined Motion to Certify Partial Summary Judgment as Final and Award Pre- and Post-Judgment Interest (Doc. 74) is **DENIED**.

Dated the 5th day of February, 2016.

_____
John Johnston
United States Magistrate Judge